UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY TYREE BROWN,

    Plaintiff,

v.

DEVON SHRUM *et al*.,

    Defendants,

Case No. C08-5326RBL/JKA

REPORT AND RECOMMENDATION

**NOTED FOR**:
**March 20, 2009**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff brings this action challenging medical care provided at the Washington State Penitentiary and the Washington State Reformatory, and a 2005 infraction. The action was filed May 14, 2008 (Dkt. # 1). The defendants have submitted argument showing that all claims except for medical care at the Washington State Reformatory and grievances regarding that medical care are time barred (Dkt. # 14). Defendants also argue the medical care offered at the Washington State Reformatory does not amount to deliberate indifference or an Eighth Amendment violation as a matter of law (Dkt. #

REPORT AND RECOMMENDATION
Page - 1

14). Defendant's final argument is that the defendants at the Reformatory who answered grievances did not make medical decisions and are not proper defendants. Plaintiff is not proceeding in forma pauperis and has paid the filing fee.

Plaintiff has filed three motions in response to the motion for summary judgment but did not file a response to the motion itself. Plaintiff asks to have the motion for summary judgment stayed until he has conducted discovery (Dkt # 16). He also asks to be allowed to submit discovery to a non defendant, Dr. Champoux (Dkt # 17). In plaintiff's third motion he asks for appointment of counsel (Dkt # 19). Plaintiff's motions will be addressed in a separate order.

After review of the file the court recommends defendants motion be GRANTED IN PART AND DENIED IN PART, that plaintiff be given the opportunity to conduct discovery regarding the remaining claims, including the opportunity to depose Dr. Champoux by written question.

## FACTS

Plaintiff alleges that on November 18, 2004, he dislocated his finger when he turned and "banged" his hand against the ladder to his bunk. He complains of the medical treatment he received at the Washington State Penitentiary and complains regarding a grievance he filed asking the ladders be removed as dangerous (Dkt # 7, pages 5 to 10).

On April 25, 2005, plaintiff was transferred to the Washington State Reformatory. He was seen on April 27, 2005, regarding his finger. He alleges the finger is now permanently dislocated and fused. He alleges defendant Hotep requested x-rays be sent from the Penitentiary, but that the x-rays were not sent. He alleges that nine months later defendant Hotep "more closely examined" him and informed him he would need to be seen by an orthopedic surgeon (Dkt. # 7, page 10).

Plaintiff alleges a Dr. Champoux examined him, and told him he needed surgery. Plaintiff alleges Dr. Champoux submitted a request which was denied by a review committee. Plaintiff filed grievances regarding the denial by the review committee, and those grievances were denied. This suit followed.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of

REPORT AND RECOMMENDATION
Page - 2

1  law." Fed. R. Civ. P. 56 (c).  The moving party is entitled to judgment as a matter of law when the
2  nonmoving party fails to make a sufficient showing on an essential element of a claim on which the
3  nonmoving party has the burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

4  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a
5  rational trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
6  475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not
7  simply "some metaphysical doubt.").  See also Fed. R. Civ. P. 56 (e).  Conversely, a genuine dispute over
8  a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a
9  judge or jury to resolve the differing versions of the truth.  Anderson v. Liberty Lobby, Inc., 477 U.S.
10 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630
11 (9th Cir. 1987).

12 The court must consider the substantive evidentiary burden that the nonmoving party must meet at
13 trial, e.g. the preponderance of the evidence in most civil cases.  Anderson, 477 U.S. at 254; T.W. Elec.
14 Service Inc., 809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of the
15 nonmoving party only when the facts specifically attested by the party contradicts facts specifically
16 attested by the moving party.  Id.

17 The nonmoving party may not merely state that it will discredit the moving party's evidence at
18 trial, in hopes that evidence can be developed at trial to support the claim.  T.W. Elec. Service Inc., 809
19 F.2d at 630 (relying on Anderson, supra).  Conclusory, nonspecific statements in affidavits are not
20 sufficient, and "missing facts" will not be "presumed."  Lujan v. National Wildlife Federation, 497 U.S.
21 871, 888-89 (1990).

## DISCUSSION

A. Statute of Limitations.

42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations.  The statute of
limitations from the state cause of action most like a civil rights act is used.  Usually this is a state's
personal injury statute.  In Washington a plaintiff has three years to file a civil rights action.  Rose v.
Rinaldi, 654 F.2d 546 (9th Cir 1981).

This action was filed May 14, 2008.  Any claim involving an incident prior to May 14, 2005 is

time barred. This means all claims arising at the Washington State Penitentiary and plaintiff's first contact with Defendant Hotep at the Washington State Reformatory are time barred. These claims should be **DISMISSED WITH PREJUDICE**.

There are three claims remaining: the claim that Defendant Hotep caused injury by waiting nine months prior to referring plaintiff to an orthopedic surgeon; the claim that the review committee violated plaintiff's Eighth Amendment rights by not authorizing the surgery; and the claim that defendants Quinn and Schrum are liable for denying grievances filed by plaintiff about the denial of surgery.

B.  Defendant Hotep.

Defendant Hotep contests plaintiff's facts and alleges that after the initial visit on April 25, 2005, she was able to review x-rays from the Penitentiary. She alleges she reviewed these x-rays during a "follow up visit" with plaintiff on May 20, 2005 (Dkt # 14, page 3). Defendant Hotep's notes show plaintiff showed no pain, but complained of decreased range of motion. While defendant Hotep made a note to consult with a medical director, she failed to do so until November 28, 2005, when plaintiff complained of flu like symptoms. She noted no change in condition and that plaintiff never returned to the clinic (Dkt. # 14, page 3).

Plaintiff maintains the delay in treatment caused by Hotep was injurious to his condition. He alleges defendant Hotep "willfully fails to make diligent recommendations." (Dkt. # 7, page 10 ¶47). Thus, there are facts in dispute and this defendant is not entitled to summary judgment. Discovery should be allowed so plaintiff can attempt to discover evidence to support his allegations of harm and intent. Defendant's motion should be **DENIED WITHOUT PREJUDICE**.

C.  Surgery denial by the medical committee.

Defendants Kenny, Allbert, Enders, Hopfner, Hayter, Amaru, Ang, Malcomb, Wu, Larson, and Stern comprised the medical committee that denied the request for surgery. Plaintiff alleges the denial was for a serious medical condition and the defendants were deliberately indifferent to his needs (Dkt # 7, page 12, ¶ 54). Defendants contend the surgery would most likely not have produced the desired result, was not medically necessary as plaintiff had little to no pain and was able to accomplish daily living activities without difficulty.

Plaintiff claims difficulty with most daily living activities (Dkt. # 14, Exhibit 2, Attachment C

1 (Janurary 20, 2006 report of Dr. Champoux)). After new x-rays were taken Dr. Champoux authored a report in which he states he is recommending "evaluation by way of a hand surgeon." He also states "It would seem not likely to me, given the facts of this case, that he is going to enjoy a better than average function result, once treatment is ultimately concluded." (Dkt. # 14, Exhibit 2, Attachment E(March 6, 2006 report)).

There are factual disputes. Plaintiff indicates difficulty performing daily living functions. Defendants contest this fact. Neither party submits evidence from Dr. Champoux telling the court what the Doctor means by "average function result." Plaintiff is entitled to discovery on the issue of whether the committee made its decision on an improper basis or for improper reasons. The motion for summary judgment should be **DENIED WITHOUT PREJUDICE**.

D. <u>Defendants Quinn and Schrum</u>.

These two defendants are named because of the part they played in answering grievances regarding the denial of hand surgery by the medical committee. There is no allegation either of these defendants are medical providers. Defendants show that in answering the grievances these two defendants sought and relied on medical advice from medical providers (Dkt # 1, Exhibit 3).

His grievance was investigated, and plaintiff received an answer to his grievance at every level. Plaintiff is not entitled to the answer of his choice. There is no constitutional right to a grievance system. <u>Mann v. Adams</u>, 855 F.2d 639 (9th Cir. 1988). This claim should be **DISMISSED WITH PREJUDICE**.

CONCLUSION

All claims involving the Washington State Penitentiary and the claim involving the April 2005, clinical visit with defendant Hotep at the Washington State Reformatory are time barred. These claims should be **DISMISSED WITH PREJUDICE.**

Plaintiff's claims against Defendants Quinn and Schrum regrading their responses to grievances filed at the Washington State Reformatory fail as a matter of law. These claims and defendants should be **DISMISSED WITH PREJUDICE.**

The remaining two claims in this action involve a claim that defendant Hotep was deliberately indifferent or intentionally injured plaintiff by delaying referring him to an orthopedic specialist and a claim against the medical review committee for denial of the hand surgery. The denial of summary judgment on

these two claims should be **WITHOUT PREJUDICE**.

The defendants remaining in this action are Debra Hotep, and the members of the review committee that denied plaintiff's request for surgery, defendants Kenny, Allbert, Enders, Hopfner, Hayter, Amaru, Ang, Malcomb, Wu, Larson, and Stern.  All other defendants should be **DISMISSED WITH PREJUDICE**.

Plaintiff is entitled to discovery prior to another motion for summary judgment being considered.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 20, 2009**, as noted in the caption.

DATED this 20 day of February, 2009.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 6