# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

GREGORY T. BROWN,

    Plaintiff,

v.

CORRECTIONAL OFFICER MAHN,

    Defendant.

CASE NO. C08-5326RBL-JRC

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court on plaintiff's motion to compel discovery (Doc. 36). After reviewing the motion and the remaining record, the court finds and orders as follows:

    1. Plaintiff alleges that on November 18, 2004, he dislocated his finger when he turned and "banged" his hand against the ladder to the prison cell's bunk. He complains the medical treatment for the injury has been inadequate. Plaintiff alleges the finger is now permanently dislocated and fused.

ORDER - 1

Defendant's filed a motion for summary judgment, and on March 23, 2009, the Court adopted the report and recommendation of Magistrate Judge Arnold, dismissing all but two of Plaintiff's claims.

The remaining two claims in this action involve a claim that defendant Hotep was deliberately indifferent or intentionally injured plaintiff by delaying referral to an orthopaedic specialist and a claim that the medical review committee wrongfully denied Plaintiff surgery on his hand. Defendants remaining in this action are Debra Hotep, and the members of the review committee, defendants Kenny, Allbert, Enders, Hopfner, Hayter, Amaru, Ang, Malcomb, Wu, Larson, and Stern.

2. On March 23, 2009, Plaintiff filed the instant motion to compel discovery (Doc. 36). The motion seeks further answer to requests for production, as well as interrogatories. For instance, Plaintiff asks Defendant Denny several times to express his "professional judgment" with regard to treatment for a dislocated index finger. *See* Plaintiff's interrogatories No. 7-11, propounded to Defendant Denny, attached to the Motion to Compel. Plaintiff also seeks answers to interrogatories and discovery related to a serious infraction he received and which formed the basis of a claim against certain previous defendant that have been dismissed by the Court. *See* Plaintiff's interrogatories propounded to previous defendants Neissl, Crewse, and Morgan.

3. The undersigned has reviewed the motion, the response, and reply, in addition to the materials submitted in support or in opposition thereto. The court notes that in its order on pending motions dated February 20, 2009, (Doc. 26) the issue of discovery was addressed, and the court stated with respect to the claims that were dismissed, "The defendants should not be forced to answer discovery on these claims." The undersigned finds no reason to reconsider this

ruling.  Plaintiff has not shown how compelling Defendants to answer discovery related to the dismissed claims and defendants would lead to admissible evidence relevant to the remaining medical claims.

Moreover, Defendants have adequately objected to the discovery requests and/or answered to the best of their ability.  Defendant Kenny is a defendant in this case, not an expert witness, and thus, the questions in which Plaintiff seeks Defendant Kenny's professional opinion are inappropriate.  Defendants properly objected to this discovery request.

4.  After consideration, this court finds no merit to Plaintiff's motion, and therefore, it is DENIED.

DATED this 5th day of May, 2009.

J. Richard Creatura
United States Magistrate Judge