UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY T. BROWN,

        Plaintiff,

v.

DEVON SCHRUM, *et al*,

        Defendants.

CASE NO. C08-5326RBL

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b) (1) (A) and 636(b) (1) (B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4. The matter is before the court on plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 11 (Doc. 46). The motion is filed because defendants contend plaintiff filed an untimely motion for extension of time to object to a Report and Recommendation. Plaintiff disagrees with defendants' contentions and argues his motion was timely. He now seeks sanctions.

The court has considered the motion for sanctions, (Doc. 46), the response (Doc. 47), and the reply (Doc. 54). In addition, the Court has carefully considered the dates of filings in this matter.

ORDER - 1

On February 19, 2009, the Court filed a Report and Recommendation (Doc. 27). Defendants filed objections seven days later on February 25, 2009 (Doc. 28). Plaintiff filed a motion asking for an extension of time to file objections on March 10, 2009 (Doc. 29). Thus, plaintiff's motion was filed seventeen days after the Report and Recommendation was issued.

Objections to a Report and Recommendation must be filed within 10 days of **service** of the Report and Recommendation. When a time period is ten days or less, weekends are not counted. *See*, Fed. R. Civ. P. 6(a)(2). Given that inmates do not receive electronic notice of filings, it is not likely Mr. Brown received notice of the Report and Recommendation before Monday, February 23, 2009. Thus, Tuesday, February 24, 2009, would have been day one. Mr. Brown's motion for an extension of time was signed March 8, 2009. Since weekends are not counted, the motion may very well have been timely.

Defendants contend the motion was filed seventeen days after the Report and Recommendation was issued and was therefore untimely (Doc. 32). Defendant's argument assumes plaintiff received notice of the Report and Recommendation the day it was filed. The Court does not make that assumption.

Plaintiff argues the District Court was required to grant his motion for an extension of time, (Doc. 46, page 4). Plaintiff is in error. The District Court denied his motion for an extension of time *sub silentio* when it issued the Order Adopting the Report and Recommendation on March 23, 2009, two days before plaintiff's objections were filed (Doc. 33 and 35). Further, plaintiff moved for reconsideration of the Order Adopting the Report and Recommendation and that Motion for Reconsideration was denied (Doc. 41 and 45).

Plaintiff now moves for sanctions claiming the response to his motion for an extension of time was filed for an improper purpose. Given the length of time between the issuing of the

Report and Recommendation and Plaintiff's filing a motion for an extension of time, defendant's response, while most likely incorrect, was understandable. The court does not find the response was filed for an improper purpose. Plaintiff's Motion for Sanctions, (Doc. 46), is **DENIED**.

The Court is concerned with the tone and content of Mr. Brown's reply (Doc. 54). The parties are warned that the court expects them to act civilly toward each other. The acrimonious nature of the reply brief is unnecessary and inappropriate. Further filings of this nature may result in sanctions, which may include monetary sanctions, the striking of pleadings, or the dismissal of this action.

DATED this 1st day of June, 2009.

J. Richard Creatura
United States Magistrate Judge