UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY T. BROWN,

              Plaintiff,

    v.

DEVON SCHRUM, *et al*,

              Defendants.

CASE NO. C08-5326RBL

ORDER DENYING PENDING MOTIONS

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b) (1) (A) and 636(b) (1) (B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4. The matter is before the court on three motions filed by plaintiff: (1) a motion for reconsideration of an order denying a motion to compel discovery, (Dkt. # 50); (2) a motion to extend the deadlines in the scheduling order (Dkt. # 51); and (3) a motion to re-open discovery (Dkt. # 52). Defendants have responded to the motions in one document (Dkt # 55). Plaintiff has replied (Dkt # 56). These three motions are ripe for consideration.

The court has carefully reviewed the file in this case. The review discloses that this action was commenced on May 14, 2008, (Dkt. # 1). Plaintiff's motion for *In Forma Pauperis*

ORDER - 1

status was denied August 1, 2008, (Dkt. # 6). He paid the filing fee on August 21, 2008. Plaintiff served some of the defendants and an answer was filed November 25, 2008, (Dkt # 12). Seven of the ten members of a review committee that denied plaintiff's request for referral to an orthopedic surgeon were not served.

A Scheduling Order issued on November 28, 2008, (Dkt # 13). Even though the action had been pending for half a year, the court gave the parties three additional months to complete discovery. Thus, the parties had nearly nine months to propound discovery requests.

Defendants filed a motion for summary judgment in December of 2008, (Dkt. # 14). Rather than addressing the motion for summary judgment on the merits, Plaintiff filed three motions, (Dkt # 16, 17, 19). Plaintiff asked the court to stay the motion for summary judgment until discovery was complete, he asked for leave to depose Dr. Champoux, a non-party, and he asked for appointment of counsel. The motion to stay and motion for counsel were denied, and the motion to depose Dr. Champoux was granted (Dkt # 26). In denying the motion to stay, the court noted that several of the allegations in the complaint were time barred. The defendants had raised the statute of limitations in the motion for summary judgment. (Dkt. # 14, page 5).

On February 19, 2009, the court entered a Report and Recommendation addressing the motion for summary judgment (Dkt # 27). That Report and Recommendation was adopted March 23, 2009, (Dkt # 33). Defendant Devon Schrum was dismissed with prejudice. The same day defendant Schrum was dismissed, plaintiff filed a motion seeking to compel discovery. Included in the discovery sent to the court was discovery addressed to former defendant Schrum (Dkt. # 36). Plaintiff asked defendant Schrum for the last known residential address and telephone numbers of ten named defendants in this action. Three of those defendants, Russell Amaru, Lynn Larson, and Robert Morris, had accepted service and are represented by counsel.

Mrs. Schrum responded to each of the ten requests by informing plaintiff that she did not know the information sought and did not have access to the personnel files of these people.

The court denied the motion to compel reasoning that a large portion of the action was time barred and had been dismissed. Defendants should not be compelled to answer discovery or provide requests for production of documents on issues that were no longer properly in the case. Further, defendant Schrum had answered the interrogatory regarding addresses and telephone numbers. She does not have the information plaintiff is seeking and does not have access to personnel files (Dkt. # 45). Plaintiff has now filed a motion for reconsideration and states he cannot serve seven of the ten members of the committee that denied him a referral to an orthopedic surgeon without this information.

Motions for reconsideration are disfavored. See Local Rule 7(h). The motion will generally be denied absent manifest error or a change in the law or facts. Defendant Schrum informed plaintiff she did not have the information he was seeking and did not have access to personnel files (Dkt. # 36, interrogatories to Devon Schrum and answers and objections thereto). Plaintiff now argues this response is disingenuous as she or her attorney has access to this information. The court disagrees. Interrogatories are sent to a defendant, not defendant and their counsel. It is the defendants' responsibility to answer them based on their knowledge, not the knowledge of counsel. Further, this court does not assume Mrs. Schrum has access to the personnel files of co-workers. The access to files of this nature which contain sensitive and private information would naturally be restricted. There are no grounds for reconsideration of the prior order in this case.

Plaintiff's motion for reconsideration focuses on the issue of service of process. Plaintiff argues he needs addresses and telephone numbers to serve this action on named defendants. The

court will address that issue in detail. Fed. R. Civ. P. 4 (m) gives a party 120 days to serve a named defendant. This action was filed May 14, 2008 (Dkt. #1), however, it would be unfair to use that date as the starting date for the 120 day period as plaintiff had a pending motion to proceed *In Forma Pauperis* before the court.

On August 1, 2009, the motion to proceed *In Forma Pauperis* was denied. This should have placed plaintiff on notice he needed to serve his complaint. Plaintiff had until November 29, 2008, to properly serve this complaint. Federal Rule of Civil Procedure 4 (m) indicates that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987).

The above analysis and a plain reading of the rule would appear to indicate that any person who has not been served should be dismissed without prejudice. The standard of review is abuse of discretion, which indicates the court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The Ninth Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be

severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

The court has no indication if any of the seven un-served defendants are aware of this action. Further, plaintiff sent his discovery request to Defendant Schrum on or about January 5, 2009, (Dkt. # 50, page 1). Thus, plaintiff did not even request information to help him serve the defendants until after the 120 day period had already expired. The motion for reconsideration is DENIED.

In Plaintiff's motion to extend the deadlines in the scheduling order he again raises the issue of service of process on certain defendants (Dkt. # 51). Service in this action should have been accomplished by November 29, 2008, at the latest. The motion to extend the deadlines in this action is without merit and is DENIED.

Plaintiff's motion to re-open discovery, (Dkt. # 52), like the motion to extend deadlines, is based on plaintiff's failure to serve defendants, allegedly because he did not have home addresses or telephone numbers. Plaintiff has waited far too long to raise this issue. In the motion plaintiff states that defendant Schrum "refused to answer any of the interrogatories." This is not a correct statement. Defendant Schrum objected to the interrogatory, but also responded that she did not know the information and did not have access to the personnel files of these persons. The motion to reopen discovery is DENIED.

DATED this June, 2009.

J. Richard Creatura
United States Magistrate Judge