# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

GREGORY TYREE BROWN,

    Plaintiff,

v.

DEVON SHRUM *et al*.,

    Defendants,

Case No. C08-5326RBL/JRC

REPORT AND RECOMMENDATION

**NOTED FOR**:
July 31, 2009

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff brings this action challenging medical care provided at the Washington State Penitentiary and the Washington State Reformatory. Through earlier dispositive motion practice, all but two claims have been dismissed (Dkt # 33). The first remaining claim is that defendant Hotep improperly delayed sending plaintiff to an orthopedic surgeon for evaluation. Defendant Hotep was never served

REPORT AND RECOMMENDATION- 1

and is not before the court. The second claim is that the review committee improperly denied a request for exploratory surgery.

There are eleven members to the review committee. Only six of them, Kenney, Allbert, Enders, Amaru, Larson-Lavier, and Stern have been served. The served defendants now move for summary judgment (Dkt. # 48).

## FACTS

Plaintiff alleges that on November 18, 2004, he dislocated his finger when he turned and "banged" his hand against the ladder to his bunk. He complains of the medical treatment he received at the Washington State Penitentiary. (Dkt # 7, pages 5 to 10).

On April 25, 2005, plaintiff was transferred to the Washington State Reformatory. He was seen on April 27, 2005, regarding his finger. He alleges defendant Hotep requested x-rays be sent from the Penitentiary, but that the x-rays were not sent. He alleges that nine months later defendant Hotep "more closely examined" him and informed him he would need to be seen by an orthopedic surgeon (Dkt. # 7, page 10). He alleges the finger is now permanently dislocated and fused.

Plaintiff alleges a Dr. Champoux examined him, and told him he needed surgery. Plaintiff alleges Dr. Champoux submitted a request for exploratory surgery which was denied by a review committee. Plaintiff filed grievances regarding the denial by the review committee, and those grievances were denied. This suit followed.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is

REPORT AND RECOMMENDATION- 2

entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradict facts specifically attested by the moving party. Id. Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

A.  *Defendant Hotep.*

Defendant Hotep did not accept service by mail and plaintiff took no further steps to have this defendant served. Counsel makes it clear that the Washington State Attorney General's office does not represent this defendant (Dkt. # 48, page 2 footnote 1).

Federal Rule of Civil Procedure 4 (m) indicates that if service of a summons and complaint is not made within 120 days of filing the court – on motion or on its own after notice to the plaintiff -- shall dismiss the claim without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). A plain reading of the rule would appear to indicate that dismissal without prejudice is in order.

The court has no indication defendant Hotep is aware of this action. Plaintiff has shown no good cause why he has not completed service on Defendant Hotep. This Report and Recommendation constitutes notice to Plaintiff that unless within ten days of the service of this Report and Recommendation, plaintiff fails to show good cause for the failure to serve Defendant Hotep, then the District Court should dismiss Defendant Hotep without prejudice.

B.  *The review committee.*

Defendants offer two arguments why the case should be dismissed as to these defendants. The first is failure to state a claim because the defendants were not deliberately indifferent to a serious medical need. Thus, they argue they have not violated plaintiff's Eighth Amendment Rights  The second is lack of personal participation because none of the defendants can

REPORT AND RECOMMENDATION- 4

remember how they voted when the issue of Mr. Browns request for exploratory surgery was decided (Dkt. # 48, page 3 to 13).

1. <u>Deliberate indifference</u>.

The Eighth Amendment prohibits infliction of cruel and unusual punishment. The Eighth Amendment is violated when an inmate is deprived of the minimal civilized measure of life's necessities. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>Young v. Quinlan</u>, 960 F.2d 351, 359 (3rd Cir. 1992). To establish an Eighth Amendment violation, an inmate must allege both an objective element--that the deprivation was sufficiently serious--and a subjective element--that a prison official acted with deliberate indifference. <u>Young</u>, 960 F.2d at 359-60. To constitute deliberate indifference, an official must know of and disregard an excessive risk to inmate health or safety. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and the official must also draw the inference. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

Here, the information available to the committee was that plaintiff's finger was stable, "fixed flexion", plaintiff was able to perform all daily living functions, and that plaintiff had minimal complaints of pain (Dkt. # 48, page 6). While plaintiff may contest the accuracy of this information, he does not contest that this is the information the committee had before it when they considered his case. Defendants have placed before the court he affidavit of Dr. Kenny who presented the case to the committee (Dkt # 48 Exhibit 1).

Plaintiff's condition was categorized as a level three condition. That means the surgery was not medically needed. The eleven member committee voted, with at least a majority voting the surgery was not needed. It is clear from the record that no member of the committee believed plaintiff's condition was medically serious or that plaintiff was in chronic pain.

REPORT AND RECOMMENDATION- 5

Based on the facts before the committee at the time of the vote, plaintiff cannot prove an Eighth Amendment violation because the defendants were not deliberately indifferent to a serious need of which they were aware. The court recommends dismissal with prejudice of this last claim and the action.

2. <u>Personal participation</u>.

Defendant's second argument, that they are entitled to dismissal because they do not remember how they voted is without merit. The record reflects the committee voted to deny the request. Thus, the majority of the committee members voted no.

## CONCLUSION

Defendant Hotep and the claim against this defendant should be **DISMISSED WITHOUT PREJUDICE**, because this defendant was never served and is not before the court. The other claim, for a violation of plaintiff's Eighth Amendment Rights because the committee denied a request for exploratory surgery should be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 31, 2009,** as noted in the caption.

Dated this 6th day of July, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6