UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY TYREE BROWN, | CASE NO. C08-5326-RBL-JRC |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | NOTED FOR: MARCH 9, 2012 |
| DEVON SCHRUM et al., | |
| Defendants. | |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. Defendants have filed a motion for summary judgment as to the only remaining claim (ECF No. 117).

The claim involves a disciplinary hearing where plaintiff was found guilty of removing or not reporting that a "no sports" tag had fallen off his identification badge. The tag came off prior to the expiration of the 90-day no sports Medical Health Status Report. Plaintiff alleges there was no evidence to support the infraction and the finding of guilt violated his Fourteenth Amendment right to due process. The Court disagrees.

Although plaintiff did not file a response to this motion in this case, he filed one under another cause number (09-cv-1546, ECF No. 59 and 60). Although the documents were not properly submitted in this case, they have been considered. The Court recommends the motion for summary judgment be granted and this action dismissed with prejudice because plaintiff received proper due process for the infraction and there is "some evidence" to support the infraction.

## FACTS

The infraction report before disciplinary hearings officer, Lt. Earnie Crewse, informs him that plaintiff was issued a health status report for 90 days of no sports on November 29, 2004 (ECF No. 117, Attachment C). The no sports restriction document accompanying the report was signed by plaintiff on January 27, 2005 (ECF No. 117, Attachment B). That document told him that only the Office Assistant Senior (OAS) could remove the tag. Id. The document told him that he would be infracted if the tag fell off and he did not submit a kite to the OAS within 24 hours to get the tag re-issued. Id. Finally, the document told plaintiff how he could get the tag removed. Id. After the no sports restriction expired he would be scheduled for an appointment at the outpatient clinic. The OAS would remove the tag at that appointment. Id. Plaintiff was also informed that inmates were not to remove the tag for any reason. Id.

Plaintiff stated at his hearing that the tag fell off and he submitted a kite and then a grievance (ECF No. 115, Attachment E). Lt. Earnie Crewse reviewed the kite and grievance and determined that they were for medical records reviews and had nothing to do with the no sports tag (ECF No. 117 Attachment E). The evidence before the hearings officer allowed him to determine that plaintiff was guilty of the charged infraction.

## STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c)(2). There is a genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987); Fed. R. Civ. P. 56(e)(2). The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1985); Anderson, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). When presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255 (*citing* Adickes v. S.H. Dress & Co., 398 U.S. 144, 158-59 (1970)). Conclusory, nonspecific statements in affidavits are not sufficient; and, the court will not presume "missing facts". Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

When the court reviews the sufficiency of evidence at a prison evidentiary hearing the relevant question is whether there was any evidence to support the hearing officers' decision. Superintendent Massachusetts Correctional Institute, Wapole v. Hill, 472 U.S. 455-56 (1985). The Supreme Court stated:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing

of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. Superintendent Massachusetts Correctional Institute, Wapole v. Hill, 472 U.S. 455-56 (1985).

## DISCUSSION

The evidence that has been outlined in the facts section above meets the evidentiary standard set forth in Hill. Plaintiff now argues he was actually given the Health Status report for no sports on or about October 25 of 2004 and that January 24, 2005 was day ninety (09-cv-1456 ECF No. 59, page 1). He attempts to dispute defendants' argument that the tag expired on or about February 27, 2005 (09-cv-1456 ECF No. 59, page 4). This argument is irrelevant for several reasons. First, plaintiff did not make this argument at his disciplinary hearing and the due process question before the Court today is whether any evidence at the hearing supports the finding of guilt. The hearings officer heard evidence of a November 29, 2004 date and was entitled to consider that evidence. Finally, plaintiff was on notice that he could not remove the tag and that he had to inform the "OAS" if the tag came off. Plaintiff was on notice that only the OAS could remove the tag and he was informed of the steps he had to take to have the tag removed.

Defendants argue that defendant Morgan played no part in the disciplinary process in this case and that he is not a proper defendant (ECF No. 117). Defendants raise the affirmative defense of qualified immunity (ECF No. 117). Defendants also argue there is no due process needed as the plaintiff suffered no significant or atypical deprivation. While any of these arguments provides alternative reasons for dismissal, the Court is convinced the due process claim is frivolous because the evidence before the hearings officer supports the finding of guilt (ECF No. 117 Exhibit 1, Attachments A through G). The Court recommends that this action be dismissed with prejudice and that in forma pauperis status be revoked for purpose of appeal.

REPORT AND RECOMMENDATION - 4

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 9, 2012, as noted in the caption.

Dated this 16th day of February, 2012.

J. Richard Creatura
United States Magistrate Judge